

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Corrected by C-612
where conflicts

This Opinion
Modified ...
... 0-681

Honorable R. C. Wilson
County Auditor
Gray County
Pampa, Texas

Dear Sir:

Opinion No. 0-4269
Re: Will fines from "driving while
intoxicated" cases now be cre-
dited to the general fund or
will disposition be governed
by Article 1628, Vernon's Anno-
tated Civil Statutes?

Your letter of recent date requesting an opinion
of this department on the above stated question reads in part
as follows:

"Please furnish us with copy of your opin-
ion No. 0-681, dated July 12, 1939.

"It is our understanding that this opinion
was delivered while cases of 'driving while in-
toxicated' were classed as felonies. Since such
cases are now misdemeanors, will fines from such
cases be credited to the general fund or will
disposition be governed by Article No. 1628 RCS."

Article 802, Vernon's Annotated Penal Code, as
amended by House Bill No. 73, Acts of the 47th Legislature,
1941, reads as follows:

"Any person who drives or operates an auto-
mobile or any other motor vehicle upon any public
road or highway in this State, or upon any street
or alley within the limits of an incorporated
city, town or village, while such person is in-
toxicated or under the influence of intoxicating
liquor, shall be guilty of a misdemeanor, and
upon conviction, shall be punished by confinement
in the County Jail for not less than ten (10) days

nor more than two (2) years, or by a fine of
not less than Fifty Dollars ($50) nor more
than Five Hundred Dollars ($500), or by both
such fine and imprisonment."

Article 949, Vernon's Annotated Code of Criminal
Procedure, reads as follows:

"Money collected by an officer upon re-
cognizances, bail bonds and other obligations
recovered upon in the name of the State under
any provision of this Code, and all fines,
forfeitures, judgments and jury fees, collect-
ed under any provision of this Code, shall
forthwith be paid over by the officers col-
lecting the same to the county treasurer of
the proper county, after first deducting there-
from the legal fees and commissions for col-
lecting the same."

Article 6700, Vernon's Annotated Civil Statutes,
reads as follows:

"Fines collected for violations of any
highway law as set forth in Chapter 11 of Title
13 of the Penal Code, shall be used by the
municipality or the counties in which the same
are assessed and to which the same are payable,
in the construction and maintenance of roads,
bridges and culverts therein, and for the en-
forcement of the traffic laws regulating the
use of the public highways by motor vehicles
and motorcycles, and to help defray the expense
of county traffic officers."

Article 1626, Vernon's Annotated Civil Statutes,
provides:

"Claims against the county shall be regis-
tered in three classes, as follows:

"1. All jury scrip and scrip issued for
feeding jurors.

"2. All scrip issued under the provisions
of the road law or for work done on roads and
bridges.

Honorable R. C. Wilson, Page 3

"3. All the general indebtedness of the
county, including feeding and guarding prison-
ers, and paupers' claims."

Article 1628, Vernon's Annotated Civil Statutes,
provides in part:

"The funds received by the county treas-
urer shall be classed as follows, and shall
be appropriated, respectively, to the payment
of all claims registered in the first, second
and third classes:.

". . .

"2. All money received under any of
the provisions of the road and bridge law, in-
cluding the penalties recovered from railroads
for failing to repair crossings, and all fines
and forfeitures.

". . ."

Section 2 of Article 1628 places all money men-
tioned therein in class two of Article 1626. Therefore,
you are respectfully advised that it is the opinion of this
department that money obtained for fines in cases under Arti-
cle 802, Vernon's Annotated Penal Code, should be paid to
the county treasurer and placed in the road and bridge fund.

Our opinion No. O-3092 supports the conclusion
reached in this opinion, and we enclose a copy of the same
for your information.

It is stated in our opinion No. O-681, among other
things:

". . . the fine should be deposited in the
General Fund of the county to be expended for
the purposes as enumerated in Article 6700,
T. C. S."

The above quoted provision of opinion No. O-681,
supra, should read as follows:

"The fine should be deposited in the road
and bridge fund of the county to be expended
for the purposes as enumerated in Article 6700,
T. C. S."

Honorable R. C. Wilson, Page 4

Therefore, opinion No. C-681 is amended to this extent. We enclose a copy of said opinion.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED DEC 30 1943

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO

ENCLOSURE

